IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEVIN BRANDIS PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-016-MHT-KFP |
| | ) | |
| BARBOUR COUNTY, ALABAMA | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 15, 2025, pro se Plaintiff Devin Brandis Pugh was ordered to file an Amended Complaint on or before August 5, 2025. Doc. 22. The Court "expressly cautioned" Plaintiff "that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed." Doc. 22 at 5. To date, Plaintiff has failed to comply with the Court's order.

Based on Plaintiff's failure to obey court orders and prosecute this case, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of

cases." *Id*. at 630–31; *see also Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* at 102.

The Court notes that this is not the first instance of Plaintiff's noncompliance with court orders, and a brief procedural recitation of other cases filed in this Court will help contextualize this current matter. On December 11, 2024, Plaintiff filed his first case with this Court, which was subsequently dismissed for being legally frivolous. *Pugh v. U.S. Dep't of Justice*, Case No. 2:24-cv-798-ECM-SMD. A few weeks later, Plaintiff filed *Pugh v. S. Cent. Mental Health Ctr.*, which the Court separated into 24 separate civil actions on January 3, 2025.[1] Since the separation of that lawsuit, Plaintiff has filed approximately 28 additional lawsuits in the Middle District.[2] Of these 56 lawsuits, 21 have been dismissed.

---

[1] *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP; *Pugh v. S. Cent. Mental Health Ctr.*, Case No. 2:24-cv-836-ECM-JTA; *Pugh v. Coffee Cnty.*, Case No. 1:25-cv-030-RAH-SMD; *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP; *Pugh v. HHH Motorcycle Seller*, Case No. 2:25-cv-012-MHT-CWB; *Pugh v. Colbert Cnty.*, Case No. 2:25-cv-013-RAH-KFP; *Pugh v. Conecuh Cnty.*, Case No. 2:25-cv-014-RAH-JTA; *Pugh v. Autauga Cnty.*, Case No. 2:25-cv-015-ECM-KFP; *Pugh v. Barbour Cnty.*, Case No. 2:25-cv-016-MHT-KFP; *Pugh v. Bibb Cnty.*, Case No. 2:25-cv-017-RAH-CWB; *Pugh v. Blount Cnty.*, Case No. 2:25-cv-018-RAH-CWB; *Pugh v. Bullock Cnty.*, Case No. 2:25-cv-019-ECM-CWB; *Pugh v. Butler Cnty.*, Case No. 2:25-cv-020-MHT-SMD; *Pugh v. Calhoun Cnty.*, Case No. 2:25-cv-021-MHT-KFP; *Pugh v. Cherokee Cnty.*, Case No. 2:25-cv-023-RAH-SMD; *Pugh v. Chilton Cnty.*, Case No. 2:25-cv-025-ECM-CWB; *Pugh v. Choctaw Cnty.*, Case No. 2:25-cv-026-RAH-SMD; *Pugh v. Clarke Cnty.*, Case No. 2:25-cv-027-MHT-JTA; *Pugh v. Clay Cnty.*, Case No. 2:25-cv-028-MHT-SMD; *Pugh v. Cleburne Cnty.*, Case No. 2:25-cv-029-MHT-KFP; *Pugh v. Crenshaw Cnty.*, Case No. 2:25-cv-031-ECM-KFP; *Pugh v. U.S. Dep't. of Educ.*, Case No. 2:25-cv-032-RAH-CWB; *Pugh v. Alphabet Inc.*, Case No. 2:25-cv-033-ECM-JTA; *Pugh v. Baldwin Cnty.*, Case No. 2:25-cv-034-RAH-SMD; *Pugh v. Chambers Cnty.*, Case No. 3:25-cv-022-RAH-KFP.

[2] *Pugh v. Chime PrePaid Card*, Case No. 1:25-cv-501-RAH-JTA; *Pugh v. Ala. Dep't of Mental Health*, Case No. 2:25-cv-51-MHT-KFP; *Pugh v. Dep't of Mental Health and Hum. Servs.*, Case No. 2:25-cv-053-RAH-JTA; *Pugh v. Nat'l Bar Ass'n*, Case No. 2:25-cv-054-MHT-CWB; *Pugh v. Bonds*, Case No. 2:25-cv-077-MHT-SMD; *Pugh v. Poole*, Case No. 2:25-cv-372-RAH-JTA; *Pugh v. Crenshaw Cnty. Jail*, Case No. 2:25-cv-374-MHT-CSC; *Pugh v. Bryan*, Case No. 2:25-cv-381-MHT-JTA; *Pugh v. McDonalds Rest. Franchise*, Case No. 2:25-cv-421-ECM-SMD; *Pugh v. Butler Cnty. Jail*, Case No. 2:25-cv-477-RAH-CSC; *Pugh v.*

Eight have been dismissed for failure to comply with a Court order, failure to pay the filing fee, and failure to prosecute,[3] four have been dismissed for failure to file an amended complaint as ordered,[4] one has been dismissed for legal frivolity,[5] two have been dismissed for failure to state a claim and failure to comply with a Court order,[6] five have been dismissed for improper venue,[7] and one has been dismissed for failure to pay the fee or file a motion to proceed in forma pauperis as ordered.[8] Plaintiff's filings increased significantly in July 2025, wherein he filed 16 lawsuits, sometimes multiple on the same day.[9]

Plaintiff's conduct of making frivolous filings and continuing to fail to comply with the Court's orders "threaten[s] the availability of a well-functioning judiciary to all

---

*Coffee Cnty. Jail*, Case No. 1:25-cv-585-MHT-JTA; *Pugh v. Poole*, Case No. 2:25-cv-371-ECM-KFP; *Pugh v. Air BNB*, Case No. 2:25-cv-521-ECM-SMD; *Pugh v. Autauga*, Case No. 2:25-cv-525-RAH-KFP; *Pugh v. Alabama*, Case No. 2:25-cv-553-RAH-SMD; *Pugh v. Autauga*, Case No. 2:25-cv-554-MHT-CWB; *Pugh v. Alabama*, Case No. 2:25-cv-555-ECM-JTA; *Pugh v. Trump*, Case No. 2:25-cv-561-RAH-KFP; *Pugh v. Folmer*, Case No. 2:25-cv-572-ECM-SMD; *Pugh v. Greyhound Bus Co.*, Case No. 2:25-cv-573-MHT-SMD; *Pugh v. U.S. Dep't of Justice*, Case No. 2:25-cv-574-RAH-CWB; *Pugh v. Facebook*, Case No. 2:25-cv-575-ECM-CWB; Pugh *v. DEA*, Case No. 2:25-cv-580-MHT-CWB; *Pugh v. Medicaid*, Case No. 2:25-cv-581-MHT-KFP; *Pugh v. Dep't/Agency Gov. Rural Dev.*, Case No. 2:25-cv-582-MHT-CWB; *Pugh v. C&U Auto*, Case No. 2:25-cv-583-MHT-KFP; *Pugh v. Delta Airlines*, Case No. 2:25-cv-584-RAH-CWB.
[3] *Pugh v. Coffee Cnty*, Case No. 1:25-cv-030-RAH-SMD; *Pugh v. Conecuh Cnty.*, Case No. 2:25-cv-014-RAH-JTA; *Pugh v. Bibb Cnty.*, Case No. 2:25-cv-017-RAH-CWB; *Pugh v. Butler Cnty.*, Case No. 2:25-cv-020-MHT-SMD; *Pugh v. Cherokee Cnty.*, Case No. 2:25-cv-023-RAH-SMD; *Pugh v. Chilton Cnty.*, Case No. 2:25-cv-025-ECM-CWB; *Pugh v. Clay Cnty.*, Case No. 2:25-cv-028-MHT-SMD; *Pugh v. Alphabet Inc.*, Case No. 2:25-cv-033-ECM-JTA.
[4] *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP; *Pugh v. HHH Motorcycle Seller*, Case No. 2:25-cv-012-MHT-CWB; *Pugh v. U.S. Dep't of Educ.*, Case No. 2:25-cv-032-RAH-CWB; *Pugh v. Nat'l Bar Ass'n*, Case No. 2:25-cv-054-MHT-CWB.
[5] *Pugh v. U.S. Dep't of Justice*, Case No. 2:24-cv-798-ECM-SMD.
[6] *Pugh v. S. Cent. Mental Health Ctr.*, Case No. 2:24-cv-836-ECM-JTA; *Pugh v. Dep't of Mental Health and Hum. Servs.*, Case No. 2:25-cv-053-RAH-JTA.
[7] *Pugh v. Colbert Cnty.*, Case No. 2:25-cv-013-RAH-KFP; *Pugh v. Blount Cnty.*, Case No. 2:25-cv-018-RAH-CWB; *Pugh v. Calhoun Cnty.*, Case No. 2:25-cv-021-MHT-KFP; *Pugh v. Choctaw Cnty.*, Case No. 2:25-cv-026-RAH-SMD; *Pugh v. Cleburne Cnty.*, Case No. 2:25-cv-029-MHT-KFP.
[8] *Pugh v. Chambers Cnty.*, Case No. 3:25-cv-022-RAH-KFP.
[9] For example, on July 25, 2025, Plaintiff filed four cases. *Pugh v. Folmer*, Case No. 2:25-cv-572-ECM-SMD; *Pugh v. Greyhound Bus Co.*, Case No. 2:25-cv-573-MHT-SMD; *Pugh v. U.S. Dep't of Justice*, Case No. 2:25-cv-574-RAH-CWB; *Pugh v. Facebook*, Case No. 2:25-cv-575-ECM-CWB.

litigants," *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). To counter this conduct, the Court is "authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Id.*

**The Court advises Plaintiff that this is his official notice that, should this offensive conduct occur again, the Court will take the necessary steps to protect itself from abuse in the form of an injunction.** The specific conduct that the Court considers offensive is: failure to comply with court orders and filing frivolous lawsuits. *See Pugh v. Autauga Cnty.*, 2:25-cv-525-RAH-KFP. The nature of the injunction will be tailored to the nature of the offensive conduct. *See Miller*, 541 F.3d at 1097 ("[T]he preconditions ought to be 'limited to restricting improper conduct of the type which the present record indicates plaintiff has displayed in the past.'" (quoting *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 36 (1st Cir.1993))). The Court notes that "[d]esigning an acceptable procedural device to screen out frivolous IFP filings requires some degree of nuance, and for that reason '[c]onsiderable discretion necessarily is reposed in the district court.'" *Id.* (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)). Should Plaintiff engage in any of the listed offensive conduct, the Court will enter an appropriate injunction tailored to prevent future abuse while still ensuring that "access to the courts is not entirely foreclosed." *In re May*, 2000 WL 1276943, at *2 (S.D. Fla. Aug. 31, 2000). For example, if Plaintiff files a frivolous lawsuit, the Court may impose a financial injunction, such as a bond. The Eleventh Circuit has stated that "[r]eimposing financial considerations in the form of filing fees on indigent litigants is one way the courts can fulfill their 'constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III

functions.'" *Miller*, 541 F.3d at 1096 (quoting *Procup*, 792 F.2d at 1073). **Thus, Plaintiff is warned that should he engage in any of the listed offensive conduct, the Court will design an appropriate injunction to protect itself from further abuse.**

For the above reasons, the undersigned RECOMMENDS that this case be DISMISSED for failure to comply with the Court's order.

Further, it is ORDERED that by **August 26, 2025**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

Done this 12th day of August, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE